```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSEPH MURRAY,

                    Plaintiff,

          - against -

VISITING NURSE SERVICES OF NEW
YORK and HOWARD FREY,

                    Defendants.
------------------------------------------------------X
```

**JUDGE KARAS**

**COMPLAINT**

Jury Trial Demanded

**05 CV 5462**

Plaintiff, JOSEPH MURRAY, by and through his attorneys, Leeds Morelli & Brown, P.C., alleges, upon knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1. This is a civil action based upon the defendants' violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the New York State Executive Law, Human Rights Law, § 290 *et seq.*; New York City Administrative Code Title 8; and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 (4),1367, 2201. The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state law causes of action.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. The jurisdictional prerequisites to this lawsuit have been satisfied. Plaintiff has filed a formal administrative complaint with the Equal Employment Opportunity Commission and has received a Right to Sue letter dated March 16, 2005, which is attached as Exhibit A. This action is filed within 90 days of Plaintiff's receipt of her Right to Sue letter.

## PARTIES

5. Plaintiff, Joseph Murray ("Murray" or "Plaintiff"), was and still is a resident of the County of Nassau, State of New York.

6. Defendant, Visiting Nurse Services of New York, was and still is a New York Corporation, doing business at 1250 Broadway, New York, NY 10001.

7. Defendant, Howard Frey ("Frey") worked at Visiting Nurse Services of New York. Frey aided, abetted, compelled and/or incited the unlawful treatment set forth below.

## FACTUAL BACKGROUND

8. Plaintiff, Joseph Murray ("Murray" or "Plaintiff"), is a heterosexual male.

9. In April 2001, Plaintiff commenced employment with Visiting Nurse Services of New York as a Escort Supervisor.

2

10. In July 2001, Plaintiff was promoted to Field Security Manager.

11. On February 25, 2004, Michael Soccio ("Soccio"), male nurse and delegate for the Nurse's Union, openly objected to a headline in Newsday. The headline read "Prez wants amendment to ban same-sex marriage."

12. Upon information and belief, Soccio is gay.

13. In response to viewing the newspaper, Soccio drew a derogatory pictorial of a male penis entering the President's mouth. Plaintiff discovered this sexually explicit and offensive drawing and ascertained that employees were distributing it to one another. Thus, Plaintiff took back possession of the Newspaper to prevent it from being disseminated.

14. The following week, Plaintiff complained about the offensive drawing and conduct of Soccio to Howard Frey ("Frey"), Controller. Frey is also gay. Plaintiff showed Frey the Newspaper with pictorial and told Frey that it offended him. Plaintiff told Frey that he wanted to take the Newspaper to Human Resources. Frey encouraged Plaintiff not to report it to Human Resources and he promised to investigate the matter.

15. Shortly thereafter, based on his sexual orientation and/or in retaliation for Plaintiff's complaints about this inappropriate sexual harassment, Plaintiff's yearly bonus was reduced from 6% to 4%. Frey made the decision and/or had input into the decision to reduce Plaintiff's bonus.

16. Thereafter, Louis Geo ("Geo"), a manager, told Plaintiff, words to the effect of, "I heard you did not do so well on your bonus, what happened?" Plaintiff then informed Geo about his complaints to Frey about the sexual offensive drawing. Geo then said, words to the effect, " you see what happens when you fuck with one of his girls."

17. In or about May/June 2004, Plaintiff asked Frey about the status of his investigation. Frey told Plaintiff not to worry about it, it was being taken care of. Upon information and belief, this was untrue.

18. In August/September 2004, Plaintiff again inquired about the status of the investigation.

19. In retaliation and/or based on his sexual orientation, in or around November 2004, Plaintiff was told his employment would be terminated, effective December 24, 2004. Frey made the decision and/or had input into the decision to terminate Plaintiff.

20. Additionally, on numerous occasions, Plaintiff was subjected to offensive and hostile conduct, which included, but was not limited to:

4

a. Geo told Plaintiff, words to the effect of, "Why don't you bend over, pick that change up, and I will drive you home." Upon information and belief, Geo is gay.

b. Mike Delaney ("Delaney"), male nurse, greeted male employees and Plaintiff by saying "how are you girls doing today." Additionally, Delaney made other offensive derogatory gender/sex and/or sexual orientation based comments. For example, Delaney said, words to the effect of, "Louis Geo is sixty-two years old and is still in the closet, it is about time he came out."

c. Frey, on many occasions, clutched his genitalia in front of Plaintiff and other employees.

d. Plaintiff was informed by Geo that another employee had filed a sexual harassment lawsuit and/or charge against Geo.

e. Male employees and/or supervisors referred to other males as women and/or bitches. For example, Geo referred to Frey and Soccio as being women. Delaney told Soccio, words to the effect of, "don't be a bitch." Geo told Plaintiff, words to the effect of, "Frey must be on the rag today," insinuating Frey was menstruating.

21. Incidents similar to the above occurred regularly and were severe and/or pervasive. Plaintiff was offended by the above comments and incidents and expressed his objection

5

to the same.

## **CLAIMS FOR RELIEF**

22. The Plaintiff has been subject to unlawful gender/sex, and/or sexual orientation discrimination and/or unlawful retaliation for opposing discriminatory practices. These actions are in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; New York City Administrative Code Title 8 and the New York State Executive Law, Human Rights Law, § 290 *et seq.* The sexual orientation discrimination claims are not brought pursuant to Title VII.

23. As more fully set forth above, Frey, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law § 296(6) and the New York City Administrative Code Title 8.

24. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with his employment in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants, where applicable, for all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Carle Place, New York
       June 7, 2005

                                Respectfully Submitted,

                                LEEDS, MORELLI & BROWN, PC
                                *Attorneys for Plaintiff*
                                One Old Country Road, Suite 347
                                Carle Place, New York 11514
                                (516) 873-9550

                                _____
                                RICK OSTROVE (RO-7248)
                                GREGORY SCOLIERI (GS-3501)

Exhibit A

(/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Joseph Murray
240 Pacific Street
Massapequa Park, NY  11762

From Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th floor
New York, New York 10004

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-00541 | Legal Unit | (212) 336-3692 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state) _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_____
Spencer H. Lewis, Jr., District Director

3/16/05
(Date Mailed)

Enclosure(s)